PATTI GOLDMAN (WSB #24426)
STEPHEN D. MASHUDA (WSB #36968)
Earthjustice
705 Second Avenue, Suite 203
Seattle, WA  98104
(206) 343-7340
(206) 343-1526 *[FAX]*
pgoldman@earthjustice.org
smashuda@earthjustice.org

MICHAEL R. SHERWOOD (CSB #63702)
Earthjustice
426 Seventeenth Street, 5th Floor
Oakland, CA  94612
(510) 550-6725
(510) 550-6749 *[FAX]*
msherwood@earthjustice.org

*Attorneys for Proposed Defendant-Intervenors*
*(complete list of parties on signature page)*

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MODESTO IRRIGATION DISTRICT, et al., | Case No. CIV-F-06-00453 OWW DLB |
| Plaintiffs, | |
| v. | ORDER GRANTING DEFENDANT-INTERVENOR-APPLICANTS' UNOPPOSED MOTION FOR INTERVENTION |
| CARLOS M. GUTIERREZ, et al., | |
| Defendants, | |
| and | |
| NORTHERN CALIFORNIA COUNCIL OF FEDERATION OF FLY FISHERS; FEDERATION OF FLY FISHERS; DELTA FLY FISHERS; TROUT UNLIMITED; and CENTER FOR BIOLOGICAL DIVERSITY, | |
| Proposed Defendant-Intervenors. | |

PDF created with pdfFactory trial version www.pdffactory.com

INTRODUCTION

This lawsuit concerns the listing of the Central Valley, California population of West Coast steelhead (*O. mykiss*) as a threatened species under the Endangered Species Act ("ESA"). Plaintiffs challenge the listing, arguing that, in reaching the listing determination, the federal defendants unlawfully applied the Distinct Population Segment ("DPS") policy in its listing of anadromous, but not co-occurring resident, *O. mykiss* in the Central Valley. (Compl. at ¶1.).

Five non-profit organizations, the Northern California Council of the Federation of Fly Fishers, the Federation of Fly Fishers, Trout Unlimited, Delta Fly Fishers, and Center for Biological Diversity, have moved to intervene under Fed. R. Civ. P 24 as defendants in the lawsuit. Their motion is unopposed. The Court held a hearing on the motion on January 8, 2007.

DISCUSSION

I.      INTERVENTION AS OF RIGHT

Intervention is governed by Federal Rule of Civil Procedure 24. To intervene as a matter of right under Rule 24(a)(2), an applicant must claim an interest, the protection of which may, as a practical matter, be impaired or impeded if the lawsuit proceeds without the applicant. Forest Conservation Council v. United States Forest Serv., 66 F.3d 1489, 1493 (9th Cir. 1993). The Ninth Circuit applies Rule 24(a) liberally, in favor of intervention, and requires a district court to "take all well pleaded, non-conclusory allegations in the motion as true absent sham, frivolity or other objections." Southwest Ctr. For Biological Diversity v. Berg, 268 F.3d 810, 820 (9th Cir. 2001). A four-part test is used to evaluate a motion for intervention of right:

(1) the motion must be timely;

(2) the applicant must claim a "significantly protectable" interest relating to the property or transaction which is the subject of the action;

(3) the applicant must be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and

ORDER GRANTING DEFENDANT-INTERVENOR-APPLICANTS'
UNOPPOSED MOTION FOR INTERVENTION [PROPOSED]
CIV-F-06-00453 OWW DLB   - 1 -

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104*
*(206) 343-7340*

PDF created with pdfFactory trial version www.pdffactory.com

(4) the applicant's interest must be inadequately represented by the parties to the action.

Forest Conservation Council, 66 F.3d at 1493.

Applying these factors, the Court first finds that the motion is timely.  The case is still at an early stage and no substantive motions have been filed.  Applicants have agreed to abide by existing briefing schedules and do not intend to seek discovery.

Each of the Applicant organizations is dedicated to the conservation of wild salmonids, including steelhead in the Central Valley, which are the concern of the listing determinations challenged in this case.  Several of the organizations are additionally dedicated to the promotion of fly fishing.  Many of the Applicants offered extensive comment in support of protecting wild steelhead during the administrative process leading to the listing decision challenged in this case. The Court finds that Applicants have a cognizable and significantly protectable interest in the conservation and recovery of Central Valley California steelhead.  Idaho Farm Bureau Fed'n v. Babbitt, 58 F.3d 1392, 1297 (9th Cir. 1995) (public interest group is entitled as a matter of right to intervene in [an] action challenging the legality of measure it has supported.).  See also Sagebrush Rebellion Inc. v Watt, 713 F.2d 526-28 (9th Cir. 1983) (applicants' "environmental, conservation and wildlife interests" warranted intervention as a matter of right).

In determining whether Applicants' interests would be impaired or impeded as a result of this litigation, the Court considers whether Applicant's interests would be "substantially affected in a practical sense by the determination made in an action..." Fed. R. Civ. P. 24, Advisory Committee's Notes.  The disposition of this case, which seeks to invalidate the listing of Central Valley steelhead, may affect or impair Applicants' interests in the preservation and restoration of wild steelhead populations.  This is sufficient impairment.  See Idaho Farm Bureau Fed'n, 58 F.3d at 1398 (delisting of species impairs conservation groups' interest in its preservation).

ORDER GRANTING DEFENDANT-INTERVENOR-APPLICANTS'
UNOPPOSED MOTION FOR INTERVENTION [PROPOSED]
CIV-F-06-00453 OWW DLB   - 2 -

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104*
*(206) 343-7340*

PDF created with pdfFactory trial version www.pdffactory.com

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Finally, the Court considers whether Applicants' interests are adequately represented by other parties in this litigation.  In assessing the adequacy of representation, the Ninth Circuit looks at three factors:

> (1) whether the existing parties will undoubtedly make all of the applicant's arguments;
>
> (2) whether the existing parties are capable of and willing to make the applicant's arguments; and
>
> (3) whether the applicant offers a necessary element to the proceedings that otherwise would be neglected.

<u>Southwest Ctr. for Biological Diversity v. Berg</u>, 268 F.3d 810, 823 (9th Cir. 2001).  "[T]he requirement of inadequacy of representation is satisfied if the applicant shows that representation of its interests may be inadequate....  [T]he burden of making this showing is minimal."  <u>Sagebrush Rebellion Inc. v. Watt</u>, 713 F.2d at 528.  It is undisputable that plaintiffs will not adequately represent Applicants' interests.  The Court finds that although federal defendants and Applicants both seek to uphold the challenged listing, Applicants have demonstrated that the parties may take different positions on both the merits and any appropriate remedy in this litigation if the Court finds fault with the current Central Valley steelhead listing.  Accordingly, the Court determines that neither plaintiffs nor the federal defendants will adequately represent Applicants' interests in the subject matter of this litigation.

II.    PERMISSIVE INTERVENTION

Alternatively, Applicants have requested permissive intervention.  For each of the reasons discussed above, the Court finds that permissive intervention would also be warranted in this case. Alternatively, Applicants' request permission to permissively intervene pursuant to Rule 24(b)(2), which provides that a court may, in its discretion, permit intervention, "when an applicant's claim or defense and the main action have a question of law or fact in common."  In exercising its discretion

ORDER GRANTING DEFENDANT-INTERVENOR-APPLICANTS'
UNOPPOSED MOTION FOR INTERVENTION [PROPOSED]
CIV-F-06-00453 OWW DLB    - 3 -

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104*
*(206) 343-7340*

PDF created with pdfFactory trial version www.pdffactory.com

the court "shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." Id.

> The language of the rule makes clear that if the would be intervenor's claim or defense contains no question of law or fact that is raised also by the main action, intervention under Rule 24(b)(2) must be denied.  But, if there is a common question of law or fact, the requirement of the rule has been satisfied and it is then discretionary with the court whether to allow intervention.

Kootenai Tribe of Idaho v. Veneman, 313 F.3d 1094, 1111 (9th Cir. 2002).  "Where proposed intervenors would present no new questions to the court, a motion for permissive intervention is properly denied."  Hallco Mfg. Co., Inc. v. Quaeck, 161 F.R.D. 98, 103 (D. Or. 1995).  Here, however, as discussed, Applicants may be the only parties supporting certain forms of potential relief in case of remand and may differ with respect to their arguments on the merits. Permissive intervention would be justified on that ground.

CONCLUSION

Based on the briefs, the accompanying declarations, and the oral hearing held January 8, 2007, the Court finds that Applicants satisfy the requirements for intervention as of right under Fed. R. Civ. P. 24(a) and satisfy the criteria for permissive intervention under Fed R. Civ. P. 24(b) and GRANTS the motion to intervene.

DATED this 17th day of January, 2007.


/s/ Oliver W. Wanger
THE HONORABLE OLIVER W. WANGER
United States District Court Judge

ORDER GRANTING DEFENDANT-INTERVENOR-APPLICANTS'
UNOPPOSED MOTION FOR INTERVENTION [PROPOSED]
CIV-F-06-00453 OWW DLB   - 4 -

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104*
*(206) 343-7340*