1

2           UNITED STATES DISTRICT COURT

3           EASTERN DISTRICT OF CALIFORNIA

4

| | |
|---|---|
| CALIFORNIA STATE GRANGE, et al., | 1:06-CV-00308 OWW DLB<br>1:06-CV-00453 OWW DLB |
| *Plaintiffs,* | |
| v. | ORDER GRANTING<br>DEFENDANT-INTERVENORS'<br>MOTION TO STRIKE (*GRANGE* |
| NATIONAL MARINE FISHERIES SERVICE, et al., | DOC. 62) |
| *Defendants,* | |
| and | |
| FEDERATION OF FLY FISHERS, et al., | |
| *Intervenor-Defendants.* | |
| MODESTO IRRIGATION DISTRICT, et al., | |
| *Plaintiffs,* | |
| v. | |
| CARLOS M. GUTIERREZ, Secretary of Commerce, et al., | |
| *Defendants,* | |
| and | |
| NORTHERN CALIFORNIA COUNCIL OF FEDERATION OF FLY FISHERS, et al., | |
| *Intervenor-Defendants.* | |

These two similar lawsuits, *California State Grange, et al. v. National Marine Fisheries Service, et al.*, 1:06-CV-00308 OWW DLB ("*Grange*"), and *Modesto Irrigation District, et al. v. Gutierrez, et al.*, 1:06-CV-453 OWW ("*MID II*"), have been consolidated for the purposes of summary adjudication.  (*Grange*

1

Doc. 75 ; *MID II* Doc. 74.)  Defendant-Intervenors in *Grange*, a coalition of environmental organizations led by the Federation of Fly Fishers ("FFF"), move to strike the *Grange* Plaintiffs' responses to paragraphs 15 through 26 of FFF's Statement of Undisputed Facts.  (*Grange* Docs. 62 & 63.)

First FFF complains that "rather than admit or deny these statements, the *Grange* Plaintiffs proffer inappropriate and evasive legal arguments in its responses to paragraphs 16 through 26 of FFF's Statement."  (Doc. 63 at 1-2.)  For example, the *Grange* Plaintiffs repeatedly argue that NMFS's reasoning for its listing decision and the scientific evaluations upon which it was based "violates the Endangered Species Act" and that "the Endangered Species Act requires [NMFS] to base determinations on the entire population it defines."  (*Grange* Doc. 57 ¶¶ 16-18, 20, 25-26.)

FFF correctly points out that the only "denials" included in the *Grange* Plaintiffs' responses to these paragraphs are denials on <u>legal grounds</u>.  (*Id*. at ¶19 ("[The Grange Plaintiffs] deny the statement to the extent it presumes the Northern California steelhead distinct population segment warrants listing."); *Id*. at ¶21 ("[T]he Stewards deny the statement to the extent it presumes the California steelhead distinct population segments warrant listing.").  These argumentative legal conclusions are not sufficient to operate as factual denials.[1]

---

[1]     FFF alternatively argues that paragraphs 15-26 of the Grange Plaintiffs' responses should be stricken because they failed to comply with two separate requirements contained in Local Rule 56-260.  First, FFF notes that the *Grange* Plaintiffs

The closest the *Grange* Plaintiffs come to denying FFF's Facts 15 through 26 is to object to their admission on relevancy grounds.  The *Grange* Plaintiffs argue:

> [P]ursuant to Federal Rule of Evidence (FRE) 401, the Stewards contend the assertion is not relevant to the legal issue before this Court because it does not tend to prove or disprove the issue in this case—whether, once NMFS defines the criteria for a species population based on the best available science, it may then exclude members of the population that share the same habitat and are capable of interbreeding and also meet the population criteria. In addition, under FRE 403, the assertion's probative value is substantially outweighed by the danger that the assertion confuses the issues before the Court.

(*Grange* Doc. 57 at ¶¶ 15, 17-19, 21-26.)

FFF argues that a relevancy objection is not appropriate here because the Federal Rules of Evidence do not apply to agency decision-making.  In support of this assertion, FFF cites *FCC v. Cement Inst.*, 333 U.S. 683, 705-06 (1948), which holds that "administrative agencies...have never been restricted by the rigid rules of evidence," and *Villegas-Valenzuela v. INS*, 103 F.3d 805, 812 (9th Cir. 1996), which notes "the well-settled rule that agencies are not bound by strict rules of evidence in cases brought under the Administrative Procedure Act."  The *Grange* Plaintiffs correctly point out, however, that these cases answer

---

failed to admit or deny all of the factual assertions.  A party opposing a motion for summary judgment in the Eastern District of California must "admit those facts that are undisputed and deny those that are disputed...."  Local Rule 56-260(b).  A party's failure to admit, deny, or allege contrary statements of fact leaves those facts undisputed.  Here, the *Grange* Plaintiffs totally failed to admit or deny the <u>factual</u> allegations in paragraphs 15 through 26.  Their failure to do so violates the Eastern District of California Local Rule 56-206(b) and is an alternative basis for granting Plaintiffs' motion to strike.

1  in the negative the question of whether the Federal Rules of
2  Evidence bind the <u>agency</u> during administrative decisionmaking.
3  Here, however, the issue is whether the Federal Rules of Evidence
4  apply to a court reviewing an agency's actions under the APA in a
5  judicial proceeding.  The Rules of Evidence may be relevant in
6  administrative record cases, such as when parties seek to have
7  extra-record evidence admitted.  *See, e.g., Cactus Corner, LLC v.*
8  *U.S. Dept. of Agriculture*, 346 F. Supp. 2d 1075, 1097 (E.D. Cal.
9  2004).  Here, there has been no challenge to the completeness of
10 the administrative record.

11     The controlling rule is the general principle that when
12 conducting a review of agency action under the APA, courts must
13 "review the whole record or those parts of it cited by a
14 party..."  5 U.S.C. § 706.  Allowing relevancy objections to
15 evidence that is <u>already part</u> of an administrative record would
16 defeat this general principle, primarily because the
17 Administrative Record review a court conducts requires that the
18 court examine everything in the Administrative Record that
19 constitutes the information the agency considered, whether such
20 information is or is not technically admissible in evidence under
21 the Federal Rules of Evidence.  The *Grange* Plaintiffs have cited
22 no cases that exclude parts of a certified administrative record
23 in an APA review case.

24     Even if a relevancy objection were appropriate, the evidence
25 to which the *Grange* Plaintiffs object is relevant to this
26 lawsuit.  The *Grange* Plaintiffs essentially maintain that no
27 matter what the science says, the listings are defective.  It is
28 undisputed that the agency considered science in its analysis and

**4**

1    decisions.   The science on which the agency decisionmaking is

2    based is obviously relevant to the lawfulness of the challenged

3    agency action.

4         FFF's motion to strike the *Grange* Plaintiffs' responses to

5    FFF Facts 15 through 26 is GRANTED and those facts shall be

6    deemed admitted for purposes of the *Grange* suit.

7

8    SO ORDERED

9    Dated:   September 26, 2008

10

11                                   /s/ Oliver W. Wanger
                                     Oliver W. Wanger
12                                   United States District Court

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                        5